IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,423-01






EX PARTE EDWARD E. GRAF JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 87-1041-C IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Tenth Court of Appeals affirmed his conviction. Graf v.
State, 807 S.W.2d 762 (Tex. App.--Waco 1990).

 Applicant contends that his conviction was based on false expert testimony, and that
advances in the application of toxicology to fire investigations and advances in fire science
investigation have led to new evidence establishing that he is actually innocent.

 Applicant has alleged facts that, if true, might entitle him to relief. Napue v. Illinois, 360 U.S.
264, 269 (1959); Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 It appears that Applicant is represented by counsel. If the trial court determines he is not
represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law addressing Applicant's
allegations that false testimony violated due process and that scientific advancements have led to
new evidence proving he is actually innocent. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: November 7, 2012

Do not publish